LINCOLN COUNTY, Plaintiff in Error, *v.* LOYD B. MAGRU-DER, Defendant in Error.

### February 6, 1877.

1. A county is a *quasi* corporation, capable of suing and being sued; and may purchase and hold real estate.

2. A county may maintain ejectment for lands which it owns and of which it is entitled to possession; and where it holds lands to the use of a township it may maintain ejectment in its name to the use of the township.

ERROR to Lincoln Circuit Court.

*Reversed and remanded.*

*Dryden & Dryden,* with *W. C. McFarland,* for plaintiff in error, cited: Wag. Stat. 1014, sec. 6, p. 1018, sec. 20, p. 1258, secs. 81, 82, 83, p. 408, sec. 5; City of Hannibal *v.* Draper, 15 Mo. 634.

*Martin & Lackland,* for defendant in error, cited: Ray County *v.* Bentley, 49 Mo. 236; Holt County *v.* Harmon, 59 Mo. 165; Sess. Acts 1874, p 161.

BAKEWELL, J., delivered the opinion of the court.

This is a petition in ejectment for certain land in Lincoln County. The caption of the petition is: " Lincoln County, to the use of Township 48, Range 1 west, and Township 48, Range 2 west, and Township 51, Range 2 west, *v.* Loyd B. Magruder.'' The petition is in the usual form.

A demurrer was interposed below, on the ground that there was a misjoinder of parties by suing to the use of the different townships; and also on the ground that Lincoln County has no power given it by statute to sue for and re-cover lands, or to take and hold lands, for the use of the

school townships, or for any other purpose. The demurrer was sustained, and there was judgment for defendant.

The law of 1874 (Stat. 1874, p. 161, sec. 62) expressly provides that, whenever property mortgaged to secure the payment of a loan of school funds shall be sold, the County Court may bid it in and purchase it for the county, to the use of the township whose school funds were secured by the mortgage, or in the name of the county if the money loaned belongs to the general school fund; and that the County Court of the county holding such real estate may appoint an agent to manage the same until it shall be resold.

We see no reason why the county of Lincoln should not bring ejectment for any real estate which it owns and holds, and of which it is entitled to possession. The law provides (Wag. Stat. 408, sec. 5) for actions, either local or transitory, in which a county is plaintiff. A county is a *quasi* corporation, and is capable of suing and being sued, as has been repeatedly declared by the Supreme Court of this State. If it may hold lands and may sue, we cannot conceive why it may not bring ejectment; and nothing is suggested by counsel for defendant in error from which we can conjecture on what theory this demurrer was sustained. We think it should have been overruled.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.